*Grandbois v. Willett*, No. 803-12-13 Wncv (Teachout, J., May 7, 2015)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                             **CIVIL DIVISION**
**Washington Unit**                                             **Docket No. 803-12-13 Wncv**

**DEB GRANDBOIS**
    **Plaintiff**

    **v.**

**JEANNETTE B. WILLETT, et al.**
    **Defendants**

### DECISION
### Ms. Willett's Motion for Summary Judgment

In 2001, Defendant Jeannette B. Willett (Mother) executed a deed conveying her residential property in Berlin to herself and her daughter, Plaintiff Deb Grandbois (Daughter), as joint tenants with rights of survivorship. In 2006, Mother conveyed her half interest in the property to herself and her four other children (all named as defendants in this case), but not Daughter, also as joint tenants with rights of survivorship.[1] Both conveyances were without consideration and thus were, to the extent valid, gifts.

Daughter initiated this case seeking partition and reimbursement for maintenance expenses that she alleges Defendants have refused to contribute to the upkeep of the house. Defendants counterclaimed, seeking to void the 2001 deed to Daughter for duress, undue influence, misrepresentation, and lack of donative intent. They also claim unjust enrichment, constructive trust, and waste. Mother seeks summary judgment to the effect that the 2001 deed was the result of undue influence and fraud and there was no donative intent sufficient to demonstrate an inter vivos gift.

There is no dispute that, initially, there was some agreement by which Mother assented to Daughter taking up occupancy at the house. There the agreement ends, however. According to Mother, Daughter overstayed her welcome, essentially ousted Mother from the home, and the 2001 deed is a fraud. She alleges that Daughter induced her with appeals to sympathy to unwittingly sign a document, which turns out to be the deed, that Mother was deceived into thinking did nothing more than provide temporary assistance to Daughter in getting a loan. She alleges that she never intended to give Daughter an ownership interest in the property, much less a present entitlement to that interest and occupancy.

According to Daughter, among other things, the 2001 conveyance to Daughter was part of Mother's estate planning. Daughter alleges that Mother wanted Daughter, the neediest of the siblings and one of the only ones living in Vermont, to have the home and expressly intended to

---

[1] The 2006 deed expressly conveys Mother's *half-interest* in the property only. It includes no representation that Mother then had or was intending to convey total ownership of the property. It also reserved an exclusive lifetime right of use and occupancy.

leave other assets to the other children.  She alleges that Mother intended the gift and Daughter has been paying the property taxes exclusively ever since she took up occupancy.

Mother and Daughter cite largely to their own testimony in support of these competing narratives.[2]  So far, this is a she said–she said case and, of course, the court does not weigh credibility on summary judgment.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether [the judge] is ruling on a motion for summary judgment or for a directed verdict.").  Plainly, the material facts are contentiously disputed.  Summary judgment is appropriate only when the material facts are undisputed.  V.R.C.P.  56(a).

The court acknowledges Mother's argument that allegedly suspicious circumstances in the execution of the 2001 deed switch the burden to Daughter to disprove undue influence.  Even if the court were to conclude that suspicious circumstances are present and the burden should shift, the material facts would remain far too disputed to allow judgment as a matter of law on the validity of the 2001 deed.  Because a ruling on the burden shift would make no difference at this stage of the case, the court declines to address that issue now.

## ORDER

For the foregoing reasons: Defendants' motion for summary judgment is *denied*.

Dated at Montpelier, Vermont this _____ day of May 2015.

 

 

_____
Mary Miles Teachout
Superior Judge

---

[2] The parties' statements of material facts are nonconforming.  Each provides citations to the 'record', but neither party submitted any actual record support.  However, neither party has objected.  See *State v. Great Northeast Productions, Inc.*, 2008 VT 13, ¶ 6, 183 Vt. 579 ("Unfortunately, trial courts are often in the position of adjudicating summary-judgment motions on the basis of nonconforming documents.  This Court will not disturb a trial court's reliance on a nonconforming summary-judgment motion absent an objection or absent prejudice." (citations omitted)).